UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEXJET, LLC, a Florida limited
Liability company,

    Plaintiff,

v.                                              Case No.: 8:14-CV-538-T-17TBM

BIG DOG MEDIA SOLUTIONS, LLC,
a Colorado limited liability company, et. al,

    Defendants.
_____/

## ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation (R&R) Magistrate Judge Thomas B. McCoun issued September 16, 2014. (Doc. # 69). Magistrate Judge McCoun recommended the Court deny Plaintiff's Motion for Preliminary Injunction based on Plaintiff's failure to prove irreparable harm, continuing threat or imminent injury resulting from the use of certain information, and other elements necessary to grant injunctive relief. (Doc. # 5). Plaintiff objected to the R&R on September 30, 2014, (Doc. # 72), and Defendants responded to these objections on October 14, 2014. (Doc. # 77). Defendants also objected to the R&R on September 30, 2014, (Doc. # 73), and Plaintiff responded to those objections on October 14, 2014. (Doc. # 76). For the reasons stated below, the Court **ADOPTS in PART** the R&R.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding in a report and recommendation—whether factual or legal in nature—the district court should make a de

novo review of the record with respect to that issue. 28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990). "The district judge may consider arguments not presented to the magistrate judge" when considering objections. Charlebois-Deubler v. Prudential Ins. Co. of America, 2013 WL 980260 (M.D. Fla. 2013) (citing Stephens v. Tolbert, 471 F.3d 1173, 1174 (11th Cir. 2006)).

## DISCUSSION

### A. Plaintiff's Objections

Plaintiff objects to the following: 1) Magistrate Judge McCoun's failure to consider the revised and narrowed scope of relief sought; 2) the determination that Plaintiff failed to establish substantial likelihood of success on its claims for breach of fiduciary duty and misappropriation of trade secrets; 3) the determination that Plaintiff failed to make a showing of irreparable harm; and 4) the determination that the balance of harms and public considerations weigh in Plaintiff's favor. (Doc. # 72).

### 1. The Revised and Narrowed Scope of Relief Sought

Plaintiff first argues the relief it now seeks was clarified at the hearing before Magistrate Judge McCoun, and, due to the now-limited scope, alters the injunctive relief analysis. Defendants agree the scope was limited at the hearing, but contend the scope is of no consequence to Plaintiff's burden to prove a substantial likelihood of success on the merits. Defendants further argue the scope would affect the court's analysis with respect to the final prong—the balancing harms. Defendants maintain Magistrate Judge McCoun's determinations are correct. The Court will undertake its review and analysis of the R&R with Plaintiff's limited requested relief.

### 2. Fiduciary Duty and Misappropriation of Trade Secrets

Plaintiff next argues Magistrate Judge McCoun erred twice with respect to Plaintiff's claims under Florida's Uniform Trade Secrets Act ("FUTSA") when Magistrate Judge McCoun: 1) found Plaintiff had not sufficiently described its trade secrets at issue, and what Defendants actually took; and 2) determined Plaintiff failed to demonstrate that it made reasonable efforts to maintain the secrecy of this information. (Doc. # 72). Defendants wholly dispute these contentions, and argue the complete record evidence demonstrates the insufficiency of Plaintiff's burden of proof—that the overwhelming majority of the information was available to the public on the Internet, from customers that were not bound by confidentiality agreements, or from Plaintiff's employees not bound by confidentiality agreements, and that Plaintiff employed lax security measures incapable of protecting the information from inadvertent dissemination. (Doc. # 77).

The Court has made a de novo review of the record, and upon due consideration, the Court agrees with Magistrate Judge McCoun's recommendation and accompanying analysis that the information is not subject to trade secret protection. While Plaintiff relies on Aquent LLC v. Stapleton, the facts here are distinguishable. 2014 WL 117095, *1–2 (M.D. Fla. 2014). In Stapleton, the Defendant acknowledged certain information was a trade secret, and the court determined Stapleton lacked evidence to prove the information was readily ascertainable to the public. Id. at 2 (holding that Plaintiff presented "substantial, uncontested evidence regarding the vast amount of information [defendant] downloaded and the subsequent spoliation of some evidence" and, therefore, Defendant's readily-ascertainable argument was not compelling). Here, Defendants presented ample record evidence to suggest the information was readily available,

obsolete, and not subject to trade secret protection, including, but not limited to: employees were not subject to non-compete agreements; the customers were not bound to non-disclosure or confidentiality agreements; the information was not marked with "confidential" or similar language; customers often shared the information with competitors; and employees were capable of easily disseminating the information. As a matter of law, Plaintiff has not carried its burden of proving the information is subject to trade secret protection, and therefore the requested relief must be denied.

### 3. Irreparable Harm

Plaintiff next argues Magistrate Judge McCoun erroneously determined Plaintiff failed to prove irreparable harm. Plaintiff contends binding legal authorities create a presumption of irreparable harm, and that Plaintiff carried any burden associated with proving irreparable harm. Defendant opposes Plaintiff's objection, and distinguishes the legal authorities Plaintiff cites for presumptions of irreparable harm. The Court has made a de novo review of the record, and upon due consideration, the Court agrees with Magistrate Judge McCoun's R&R—Plaintiff has failed to present sufficient evidence to conclude it will suffer irreparable harm. The lists are outdated, contain unreliable contact information, and have not resulted in any cognizable gained business to Defendants or loss of business to Plaintiff. To that end, Plaintiff's requested relief must be denied.

### 4. Balance of Harms and Public Considerations

Plaintiff finally argues Magistrate Judge McCoun erroneously balanced the harms and public interest considerations, and should have recommended the balance in favor of Plaintiff because the ceased use and return of the supposedly confidential information would not cause any burden to Defendant, and would serve the public interest to

encourage enforcement of contractual obligations. Defendant opposes this argument, and contends the information is readily available, and the burden to remove the broadly-referenced material would be "insuperable." The Court has made a de novo review of the record, and upon due consideration, the Court agrees with Magistrate Judge McCoun's R&R. Any damages Plaintiff may have suffered as a result of Defendants' alleged misappropriation of confidential or trade secret information is more appropriately left to monetary damages, rather than injunctive relief.

### B. Defendant's Objections

Defendant objects to the following emphasized portions of a specific sentence in the R&R: "In short, while LexJet demonstrates that it is substantially likely to prevail on its claim of breach of contract by Simms in that Mr. Simms and his company, Big Dog, have possession of some LexJet customer information which Simms obtained during his employ with LexJet and the retention and use of such is in breach of the terms of the Employee Guidebook...." (Doc. # 73) (quoting from (Doc. # 69)). Defendants object insofar as this sentence is either a finding of fact—and therefore clearly erroneous on the record submitted; or a conclusion of law—and therefore contrary to law. (Doc. # 73). Plaintiff opposes these objections and exceptions to the R&R, arguing that Magistrate Judge McCoun properly analyzed the conflicting evidence and determined in favor of Plaintiff's. (Doc. # 76). Although Defendants disputed the authenticity and applicability of the Employee Guidebook, Magistrate Judge McCoun recognized that conflict and made a determination that Defendant Simms "signed an Employee Guidebook which did contain restrictions on use of customer and pricing information during and after employment." (Doc. # 69, n.10).

The Court has made a <u>de novo</u> review of the record, and upon due consideration, the Court agrees with the practical resolution conveyed in the language—that no matter the substantial likelihood of Plaintiff's success on the merits for breach of contract, Plaintiff still failed to establish the requisite irreparable harm. Therefore, the Court revises the language to which Defendants object to read as follows:

> In short, while LexJet might demonstrate that it is substantially likely to prevail on its claim of breach of contract by Simms in that Mr. Simms and his company, Big Dog, have possession of some LexJet customer information which Simms obtained during his employ with LexJet and the retention and use of such could be in breach of the terms of the Employee Guidebook, LexJet fails to establish the requisite irreparable harm from such breach to support entry of a preliminary injunction.

Accordingly, it is **ORDERED** that Defendants' Objection to the report and recommendation is **SUSTAINED in PART**, and the report and recommendation is revised consistent with this Order. It is further **ORDERED** that Plaintiff's Objections to the report and recommendation are **OVERRULED**. It is further **ORDERED** that the report and recommendation, (Doc. # 69), is **ADOPTED in PART and INCORPORATED by REFERENCE** consistent with this Order. It is further **ORDERED** that Plaintiff's Motion for Preliminary Injunction, (Doc. # 5), is **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 15th day of January, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Assigned Magistrate Judge